UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMIRAH BLACKMAN,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

1:25-cv-00916 (JLR) (RWL)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On January 28, 2025, Plaintiff Amirah Blackman ("Plaintiff") commenced this action seeking judicial review of a reduction in her Supplemental Security Income ("SSI") and deductions for SSI overpayments. Dkt. 1 ("Compl."). On July 25, 2025, the Commissioner of Social Security (the "Commissioner" or "Defendant") filed the instant motion seeking dismissal based on Blackman's failure to exhaust administrative remedies. Dkt. 24. Specifically, the Commissioner moved to dismiss the Complaint pursuant to Rule 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56. *Id.* The motion was referred to Magistrate Judge Robert Lehrburger, who informed Plaintiff that he would be considering the motion as a summary judgment motion. Dkts. 25, 35. Plaintiff filed her opposition on February 4, 2026. Dkt. 37.

On March 11, 2026, Judge Lehrburger issued a Report and Recommendation (the "Report"), recommending that the Commissioner's motion for summary judgment be granted because the Plaintiff failed to exhaust administrative remedies. Dkt. 39. Plaintiff filed a timely objection on March 17, 2026. Dkt. 40 (the "Objection").

For dispositive motions, such as this one, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3).  A district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018).

In her Objection, Plaintiff does not contest (or even address) the Report's findings regarding administrative exhaustion.  *See generally* Objection.  Instead, she reiterates her request for additional SSI payments.  *Id.*  Thus, Plaintiff failed to raise any proper objections, and a clear error review is warranted and there has been no clear error here.  But, even under a *de novo* review, the Court finds that the Report properly concludes that Plaintiff has not exhausted her administrative remedies, as required, before filing this Complaint.  Report at 7-9.  The Report also rightly concludes that there is no basis upon which to excuse Plaintiff's failure to exhaust administrative remedies, because the claim is not collateral to a demand for benefits, she has not shown that exhaustion would be futile, and exhaustion would not result in irreparable harm. Report at 9-11.  The Report's reasoning is sound, and the Court agrees with its assessment of the record and its legal analysis.

Therefore, the Court adopts the Report and Recommendation of Magistrate Judge Lehrburger and grants the Defendant summary judgment.  The Clerk of Court is respectfully directed to enter judgment for the Commissioner of Social Security, and to CLOSE this case.

Dated: April 20, 2026
     New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

2